UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERTO RANGEL, | ) | 1:04-CV-5988 OWW SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING CLERK OF COURT TO FILE DOCUMENT ENTITLED "AMENDING COMPLAINT INCLUDING THE NEWLY AND ALL EXHAUSTED CLAIMS" RECEIVED AND LODGED ON JANUARY 26, 2006 |
| v. | ) | ORDER CONSTRUING PETITIONER'S PLEADING AS MOTION TO AMEND PETITION |
| DERRAL G. ADAMS, Warden, | ) | ORDER DENYING MOTION TO AMEND WITH LEAVE TO RENEW |
| Respondent. | ) | ORDER VACATING STAY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 20, 2004, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner raises the following two grounds for relief: (1) The evidence was insufficient to support the charge of murder; and (2) The trial court committed error in admitting Petitioner's custodial statements at trial in violation of his *Miranda* rights.

On September 22, 2004, Respondent filed a motion to dismiss the petition as a mixed petition

containing exhausted and unexhausted claims.

On October 6, 2004, Petitioner filed an opposition to Respondent's motion to dismiss.

On October 18, 2004, this Court issued a Report and Recommendation that recommended the petition be dismissed with leave to amend to delete the unexhausted claim.

On October 27, 2004, Petitioner filed a motion to withdraw the unexhausted claim.

On November 12, 2004, this Court granted Petitioner's motion to withdraw the unexhausted claim. On December 3, 2004, the Court issued an order directing Respondent to file a response.

On December 20, 2004, Petitioner filed a document entitled "Petitioner's objections to this Honorable court's decision dated: 11/12/04; granting petitioner's motion to withdraw unexhausted claim . . . ." Petitioner declared he wanted an opportunity to return to state court to exhaust the unexhausted claim: "Now, this court should take notice that petitioner chose to withdraw his unexhausted claim; opting to return to the state court to exhaust his unexhausted claim." See Petitioner's Objections at 2. Accordingly, Petitioner's objections were construed as a motion to stay the proceedings and hold the petition in abeyance pending exhaustion of the unexhausted claim. On January 12, 2005, the Court found good cause to grant Petitioner's motion with respect to the unexhausted claim, and the proceedings were ordered stayed. Thereafter, Petitioner filed monthly status reports advising the Court of his progress through the state courts.

On January 26, 2006, the Court received a pleading from Petitioner entitled "Amending Complaint Including the Newly and All Exhausted Claims." It appears Petitioner desires to amend his petition with this pleading. Thus, the Clerk of Court will be directed to file this pleading and it will be construed as a motion to amend the petition.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As noted above, Petitioner raised two grounds for relief in his original petition: (1) He claimed the evidence was insufficient to support the charge of murder; and (2) He claimed the trial court erred in admitting his custodial statements at trial in violation of his *Miranda* rights. Following

a responsive pleading filed by Respondent, it was determined that Ground One was unexhausted. Petitioner's request was granted, and the Court stayed the petition to give Petitioner an opportunity to exhaust the unexhausted claim.

In his motion, however, Petitioner has included seven claims in addition to the two grounds noted above. This is the first notice this Court has received of these new claims.  Petitioner never alerted the Court that he wished to raise additional claims.  In fact, in his objections to the Court' recommendation that the petition be dismissed because of the single unexhausted claim, Petitioner deceptively stated he intended "to return to the state courts to litigate *his claim* as requested by Petitioner, recommended by Respondent and this honorable court in its Report and Recommendation." See Petitioner's Objections at 3 (emphasis added). Petitioner stated he was concerned over whether the Court would provide him "an opportunity to return to the state courts to exhaust *his Claim I*." See Petitioner's Objections at 2 (emphasis added). Petitioner further stated he favored dismissal without prejudice "in order to exhaust *his claim*." See Petitioner's Objections at 3 (emphasis added).

Thus, far from showing good cause, Petitioner's attempted use of Rule 15(a) is abusive and duplicitous. As pointed out by the Seventh Circuit, abuses of Rule 15 can be controlled by the district court under subsection (a), which requires leave of court to file an amendment after a responsive pleading has been filed. Ellzey v. United States, 324 F.3d 521, 527 (7th Cir.2003). Accordingly, Petitioner's request to amend the petition is DENIED without prejudice. Petitioner may renew his motion to amend to include only the two claims he originally presented to this Court. The stay is hereby VACATED. Rhines v. Weber, 544 U.S. 269 (2005).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Clerk of Court is DIRECTED to file Petitioner's pleading entitled "Amending Complaint Including the Newly and All Exhausted Claims" received and lodged in this Court on January 26, 2006;

2) Petitioner's pleading of January 26, 2006, is CONSTRUED as a motion to amend the petition;

1    3) Petitioner's motion to amend the petition is DENIED; Petitioner is GRANTED thirty (30)
2 days from the date of service of this order to renew the motion; and
3    4) The stay of the petition is VACATED.
4 IT IS SO ORDERED.
5 **Dated:   February 16, 2006**           **/s/ Sandra M. Snyder**
  icido3                             UNITED STATES MAGISTRATE JUDGE